JONES ET AL. *v.* BOARD OF SUPERVISORS OF NEWTON COUNTY.

[70 South. 404.]

1. HIGHWAYS. *Districts. Change of organization. Notice. Statutes.*

   A road district which has come under Laws 1914, chapter 176, for construction of roads by issuance of bonds and has made an issue which is outstanding, cannot also come under chapter 174, Laws 1914, for construction of roads by the proceeds of taxes, since section 14, Laws 1914, only authorizes the placing under that act districts "which have not issued bonds."

2. SAME.

   Section 1, chapter 174, expressly provides that a road district shall not be created under the provisions of that act without thirty days notice of the intention of the board of supervisors to create such district and if twenty-five per cent of the qualified electors, petition against the creation, then such district cannot be created, until a majority of the qualified voters so declare in an election held for that purpose and an order of the board establishing such district, passed without any such notice or election is void.

APPEAL from the circuit court of Newton county.
HON. J. D. CARR, Judge.

Jesse D. Jones and others opposed the entry of an order of the board of supervisors of Newton county as to a road district and appealed to the circuit court and from its judgment again appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Brown, Chambers & Cooper,* for appellant.

*Lamar F. Easterling,* Assistant Attorney-General, for appellee.

STEVENS, J., delivered the opinion of the court.

The board of supervisors of Newton county, upon the petition of citizens of district No. 4, adopted chapter 176,

Laws of 1914, for the construction and maintenance
of the public roads of said district. After an election for
that purpose, as provided by section 2 of the act, bonds in
the sum of one hundred and fifty thousand dollars were
authorized, and seventy-five thousand dollars of these
bonds were sold. Commissioners were elected under the
act, contracts were entered into for the construction of cer-
tain links of the highway, and the provisions of the act
were being complied with generally, until March, 1915,
when at the regular session of the board of supervisors ·
an order was passed, on the verbal motion of one of the
members, to adopt and the board thereupon proceeded
to adopt, chapter 174, Laws of 1914, for said district, pro-
viding in the order "that nothing in this ordinance shall
be construed so as to affect in any way any contract al-
ready let," etc. The order adopting chapter 174 was pas-
sed without notice to or vote by the qualified electors of
the district. Section 1 of chapter 174, among other things,
provides:

"That before creating such a road district the board
of supervisors shall give notice either by publication in· a
newspaper published in the county or by posting notices
in three public places in such proposed district, or both,
for thirty days, of the proposed creation of such road
district, and if twenty-five per cent, of the qualified elec-
tors of such district petition against this creation, then
such district shall not be created unless at an election,
ordered by the board of supervisors for the purpose, a
majority of the qualified voters of such district, voting
in such election, vote in favor of the creation of such dis-
trict"

Section 14 of the same act provides:

"Road districts heretofore organized    under    other
laws which have not issued bonds may be placed by the
board of supervisors under this act and be subject to all
its provisions."

Objections were made to the entry of this order by cer-
tain taxpayers who presented, and had signed, their bill

of exceptions, and thereby prosecuted an appeal to the circuit court. The circuit court sustained the action of the board in adopting chapter 174; and from this judgment of the court, appellants prosecute this appeal.

Chapter 176 purports to amend chapter 145 of the Laws of 1912, which in turn is amendatory to chapter 149 of the Laws of 1910. We are not called upon to comment upon all the essential differences in the provisions of chapter 176 and those of chapter 174, Laws of 1912. Chapter 176 is in the nature of a local improvement act, authorizing the qualified electors of a supervisor's district to issue long-term bonds, and to have the highway commission created by the act, under the supervision of the board of supervisors, to construct permanent and lasting highways with the proceeds. This plan contemplates the construction of permanent highways altogether on borrowed money. The highway commissioners are instructed with all expenditures. Provisions are made for an annual tax to maintain the roads and to pay the principal and interest of these bonds. The act does not repeal any road laws, but, on the contrary, provides how the general road laws of the county shall apply, prescribes the duties of road hands, and other details not necessary to be specified herein.

Chapter 174, on the contrary provides a plan for constructing and maintaining roads by an annual and especially high tax levy; long-term bonds are not provided for. By this plan, the taxpayers of this and perhaps a succeeding generation do not impose upon themselves a tremendous bond issue, pledging the revenues and credit of the future. Chapter 174 has no general provision for retiring bonds or paying principal and interest thereof. At the same time, it authorizes a higher annual tax levy than chapter 176. Section 14 authorizes road districts "which have not issued bonds" to come under the provisions of this chapter. It is our judgment that the inclusion of this class of districts excludes all others, and that the legislature did not intend for road districts or-

ganized under the provisions of chapter 176, with an outstanding bonded indebtedness, to adopt or come under the provisions of chapter 174. If it be conceded that chapter 174 can be adopted in addition to chapter 176, then it must be that both laws could operate for the same district at the same time; and the situation would present itself where the same road district would enjoy all the benefits and be subject to all the obligations of both laws at one and the same time. We cannot believe that such was the purpose of the legislature. If this could be done, the taxpayers of the district would assume the combined indebtedness authorized by both acts and inflict upon themselves the combined annual tax authorized by both laws. It would be possible to have two sets of highway commissioners, and outstanding contracts under both statutes at one and the same time. If, on the contrary, it be argued that chapter 174 could be adopted in lieu of chapter 176, then the district would have outstanding a large bonded indebtedness and valuable contracts entered into under the provisions of chapter 176 with no provision made by chapter 174 for retiring bonds or paying the principal and interest thereon.

There is another serious difficulty that really stands at the threshold of this case. Section 1 of chapter 174 expressly provides that a road district shall not be created under the provisions of this act without thirty days' notice of the intention of the board of supervisors to create such district; and if twenty-five per cent. of the qualified electors petition against the creation, then such district cannot be created until a majority of the qualified voters so declare in an election held for that purpose. The order of the board in the instant case was passed without any such notice or election; the people of the district were not consulted. The bonds provided by chapter 176 cannot be executed, and the road district outlined by chapter 174 cannot be created, without the will of the qualified electors of the district. The people in adopting the provisions of chapter 176 did not, of

course, authorize the board in the same breath to adopt chapter 174, or any law other than the one they were voting on. The case of *Weston* v. *Hancock County*, 98 Miss. 800, 54 So. 307, is very different from the case here presented. We do not mean to alter our holding that the board may change from one general method of working its public roads to another. In determining the right of the board to create a special district, with special privileges and burdens granted and imposed by an act that is applicable to districts to be created thereunder, and not to the county as a whole, we must look to the whole act under review, and from it gather the legislative intent. This is one case where referendum is required. The failure of the board to give notice under the provisions of section 1, chapter 174, is a sufficient reason for holding that said chapter and the provisions thereof were not legally adopted; and the order of the board of supervisors adopting the provisions of this chapter was and is void, and the judgment of the circuit court affirming this order was erroneous.

Reversed, and judgment here for appellants.

*Reversed.*