## Love *v.* Board of Supervisors of Yazoo County.

[72 South. 230.]

1. Highways. *Powers of officers. Bonds. Separate improvements. Elections. Ballot. Sufficiency.*

Chapter 257, Law 1912, provides a method for working all the roads of a county or district, while chapter 176, Laws 1914, provides a method for constructing and maintaining, not roads generally, but specially selected highways. There is no conflict therefore, between the object sought to be accomplished by the two statutes. The money realized from the sale of bonds under chapter 257, Laws 1912, can be used in constructing all of the roads of a county or district; but the money realized from the sale of bonds under chapter 176, Laws of 1914, can be used only in constructing and maintaining the highways selected in

accordance with that statute, and though the board of supervisors had elected to work the roads of the county under Laws 1912, chapter 257, this did not prevent their issuing bonds under Laws of 1914, chapter 176, though the aggregate bonds issued under both statutes exceeded the limit provided for in either method.

2. HIGHWAYS. *Improvement. Election. Ballot. Sufficiency.*
   In an election for issuance of bonds authorized by Laws 1914, chapter 176, the omission from the ballot of the words "of the assessed value" was not important.

APPEAL from the chancery court of Yazoo county.

HON. O. B. TAYLOR, Chancellor.

Bill from an injunction by H. M. Love against the Board of Supervisors of Yazoo County. From a decree denying the injunction and dismissing the bill, plaintiff appeals.

Appellant, who was complainant in the court below, filed a bill in chancery, seeking to enjoin the board of supervisors of Yazoo county from issuing certain road bonds under chapter 176 of the Laws of 1914 for the purpose of building gravel roads in supervisor district No. 5 of said county. From a decree denying the injunction and dismissing the bill, this appeal is prosecuted. The bill alleges that the board of supervisors had, on April 3, 1912, passed an order electing to work the public roads of said supervisor district No. 5, as provided by chapter 257 of the Laws of 1912, which law provided that the supervisors may work the public roads of any county or district thereof under the supervision of a commissioner, and may purchase teams and material and employ labor for the working of said roads, and may issue bonds not exceeding five per cent. of the assessed valuation of the property in such county or district, and that the board, acting under said law of 1912, had issued and sold twenty-five thousand dollars of bonds for that purpose; that thereafter, on the 3d day of April, 1916, the said board of supervisors, by order duly passed complying with a petition of more than twenty per centum of the

qualified electors of said district No. 5, had elected to incorporate said district No. 5 as a separate road district under the provisions of chapter 176 of the Laws of 1914, providing for the establishment and maintenance of improved highways and the issuance of bonds for the construction of same in an amount not to exceed ten per centum of the assessed value of the taxable property of said district, and had contracted to issue and sell road bonds of said district in the sum of one hundred and sixty thousand dollars. It is alleged in said bill that the supervisors were without authority to incorporate said district as a separate road district under chapter 176 of the Laws of 1914, after having elected to work the public roads of said district under chapter 257 of the Laws of 1912, and that while the amount of bonds proposed to be issued under chapter 176, Laws of 1914, does not exceed ten per centum of the assessed valuation of the property of said district, yet the aggregate sum of both bond issues did exceed said ten per centum of the assessed valuation of all the taxable property of said district, which is one million six hundred eleven thousand one hundred and twenty-five dollars. It is further alleged that the official ballot providing for the special election to be held to determine whether said bonds should be issued under the provisions of chapter 176, Laws 1914, contained the words "in an amount not to exceed ten per centum of all the taxable property of such supervisor district," omitting the words "of the assessed value" of all the taxable property, etc. The bill prays for an injunction restraining the board from issuing and selling said bonds. The answer admits the allegations of the bill, but denies the complainant's right to an injunction as a matter of law.

*E. L. Brown,* for appellant.

*R. R. Norquist,* for appellee.

Smith, C. J., delivered the opinion of the court.

The only question presented to us by this record is the validity *vel non* of the bonds here sought to be issued. Chapter 257, Laws of 1912, provides a method for working all the roads of a county or district, while chapter 176, Laws of 1914, provides a method for constructing and maintaining, not roads generally, but specially selected highways. There is no conflict, therefore, between the objects sought to be accomplished by the two statutes. The money realized from the sale of bonds under chapter 257, Laws of 1912, can be used in constructing all of the roads of a county or district; but the money realized from the sale of bonds under chapter 176, Laws of 1914, can be used only in constructing and maintaining the highways selected in accordance with that statute; the intention of the legislature evidently being that the highways constructed under chapter 176 should be of a higher grade than the roads usually constructed under the laws applicable to all of the roads of a county or district. We are therefore of the opinion that it is within the power of the board of supervisors to issue the bonds here called in question.

We have not overlooked the case of *Jones* v. *Board of Supervisors,* 70 So. 404. That case is authority for two propositions only: First, that a road district which had issued bonds under chapter 176, Laws of 1914, could not thereafter be placed by the board of supervisors under the provisions of chapter 174, Laws of 1914, for the reason that the board was expressly forbidden so to do by section 14 of the latter statute; and, second, that the board was without power to place the district under chapter 174, Laws of 1914, without giving notice of its intention so to do, as provided by section 1 of that statute.

There is no merit in the objection raised to the form of the ballot.

*Affirmed.*