Mobile & Ohio R. R. Co. v. Trapp, Tax Collector, et al.

[80 South. 553, Division A.]

1. Highways. *Bonds. Statutes.*

The issue of bonds under chapter 149 of the Laws of 1910, with amendments thereto (Hemingway's Code, sections 7158-7178), providing for improvements of selected highways, does not repeal a previous order of the board of supervisors to work and maintain these roads under chapter 257 of the Laws of 1912, with the amendments thereto (Hemingway's Code, sections 7151-7154), providing for general road improvements. There being no conflict between these statutes, the road district could be operated at the same time under both laws.

2. Highways. *Bonds. Tax levy. Action to enjoin collection. Pleading.*

Under the facts in this case which was a proceeding to recover road taxes paid and to enjoin the collection of others, the court held that the bill and exhibits showed that the tax levied under Hemingway's Code, section 7152, was general and for all the roads in the two districts and within the rate limit provided therein, and was not intended for use on selected highways provided for under sections 7157-7178, Hemingway's Code, and not limited to a one-mill rate by section 7163.

Appeal from the Chancery court of Lee county.
Hon. A. J. McIntyre, Chancellor.

Suit by the Mobile & Ohio Railroad Company against O. T. Trapp, Tax Collector of Lee County, for recovery of certain taxes paid and to enjoin the collection of others. From a decree dismissing the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*W. D. & J. R. Anderson,* for appellant.

*Mitchell & Clayton,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellant railroad company filed a bill in the chancery court of Lee county against the tax collector and other officers of the county praying for relief in a two-fold manner: First, the bill alleges that the appellant paid to the tax collector, under protest, for the years 1916 and 1917 the amount of one thousand, eighteen dollars and eighty-four cents in excess of the legal amount of taxes due by appellant as a road maintenance fund for the upkeep of the roads in the Second and Fourth districts of the county. It prays to recover this excess and that these county officers be enjoined from levying and collecting in future an amount in excess of one mill on the dollar on the valuation of the taxable property in these two districts. The bill alleges that the appellant owns valuable property in these two districts and is paying in addition special road taxes to meet the interest on the road bonds and to accumulate a sinking fund to meet these bonds; that in 1912 the board of supervisors by proper orders elected to work the roads in these two districts under chapter 257 of the Laws of 1912; that no bonds have ever been issued in these districts under this law; that in 1913 the board of supervisors issued bonds for the Second supervisors' district under chapter 149 of the Laws of 1910; that in 1916 the board issued additional road bonds for the Second district under chapter 149, Laws of 1910 and amendments thereto; that in the same year they also issued road bonds for the Fourth supervisors' district under chapter 149 of the Laws of 1910 with amendments thereto. The legality of the three bond issues under chapter 149 of the Acts of 1910 and amendments is not challenged.

Appellant alleges that, when the board of supervisors issued bonds under chapter 149 of the Laws of 1910 and the amendments thereto, they thereby repealed or annulled their previous order of maintaining and work-

ing the roads in these two districts under chapter 257 of the Laws of 1912 with amendments thereto; that these two road laws cannot operate in the same territory; that they are inconsistent and in conflict; that under chapter 149 with amendments the limit of taxation for a road maintenance fund cannot be in excess of one mill on the dollar. The excess paid by the appellants over one mill for these two years was one thousand, eighteen dollars and eighty-four cents. The second aspect of the bill is as follows: In 1914 the board of supervisors issued road bonds for the entire county under chapter 175 of the Laws of 1914. There were two bond issues amounting in all to three hundred and five thousand dollars. That since that time the board of supervisors has levied a special tax for the purpose of paying the interest on these bonds, and to provide a sinking fund for their redemption. That prior to the issuance of these bonds under chapter 175 all of the districts in the county except the Fourth and Fifth had issued and sold road bonds under chapter 149 of the Laws of 1910 with amendments thereto. That the taxpayers of these three districts which had already issued bonds were not given an opportunity, under section 11 of chapter 149 of the Acts of 1910 with amendments, to express their assent or dissent as is provided in this section. Therefore, that there was no authority for the issuance of these bonds, and they are void, and that appellant cannot be taxed to help pay for them.

The orders of the board of supervisors electing to work the public roads in districts 2 and 4 under chapter 257, Laws of 1912 as amended, and the orders for the years 1916 and 1917 showing tax levies for these years, were made exhibits to the bill. These exhibits show that these two districts by proper orders elected to work the roads under chapter 257, Laws of 1912. That part of the tax levy material here for the year 1916 reads as follows: "Good road fund Second

district, three mills; good road fund Fourth, two and
three-fourths mills." That for 1917: "Good road
fund Second district, three and one-fourth mills; good
road repair fund Fourth district, two mills."

A demurrer was interposed and sustained to this
bill and the bill dismissed, from which decree this ap-
peal is prosecuted.

Chapter 257, Laws of 1912, with the amendments
thereto, is found in Hemingway's Code, sections 7151 to
7154, inclusive. Chapter 149, Laws of 1910, with amend-
ments thereto, is found in Hemingway's Code, sections
7158 to 7178, inclusive. For convenience we shall speak
of these laws as chapter 257 and chapter 149.

While the bill alleges that the issuance of bonds un-
der chapter 149 annulled or   repealed the previous
order of the board of supervisors to work and maintain
these roads under chapter 257, this contention was not
pressed in the oral argument or written brief of able
counsel for appellant. This question, however, was
decided by the court in *Love* v. *Yazoo County,* 111 Miss.
802, 72 So. 230. In that case the court had under con-
sideration the two laws now before us, and it was held
that there is no conflict between them, and that road
districts could have in operation at the same time both
laws.

The main contention of the appellant is that the board
of supervisors in these two districts is really operating
under chapter 149, but that it has never levied a road
maintenance tax under section 6 (section 7163, Heming-
way's Code) of this act, but instead thereof has levied
taxes to maintain these roads under chapter 257 (section
7152, Hemingway's Code); that section 6 of chapter
149 provides for a one-mill maintenance tax; and that
the levies made by the board of supervisors in this case
exceed this limit. It is earnestly insisted that the board
of supervisors cannot adopt these two laws and issue
bonds and otherwise comply with chapter 149 and act
under this chapter except in one respect, that is, levy

taxes under chapter 257; that the only thing the board does under chapter 257 is to levy these taxes; that it would be legislation by the board of supervisors to adopt two road laws and from these two laws select certain sections of each and construct and maintain its roads under really a third law made by them by adopting certain parts of these two laws and rejecting those parts not suitable for their purposes.

We do not think that the bill, when considered with the exhibits hereto, sustains this contention of appellant. When considered together, the bill and exhibits show that these two supervisors' districts are working all of the roads in these two districts under chapter 257, and in addition thereto have constructed certain highways under chapter 149. The bill does not show that all of the roads in these two districts are also highways for which bonds have been issued under chapter 149.

In the Love Case it was held that:

"Chapter 257, Laws of 1912, provides a method for working all the roads of a county or district, while chapter 176, Laws of 1914 [which is chapter 149 as amended, provides a method for constructing and maintaining, not roads generally, but specially selected highways. There is no conflict, therefore, between the objects sought to be accomplished by the two statutes."

The opinion of the court in that case then goes on to point out that the money realized from the sale of bonds under chapter 257 can be used in constructing all of the roads in the district, but the money realized from the sale of the bonds under chapter 149 can only be used on these specially constructed highways. The bill specifically says that no maintenance road tax was levied under chapter 149.

We think it clear from the bill and exhibits that the tax levied in this case was generally for all of the roads in these two districts, and this tax does not exceed the limit of taxation under chapter 257.

It is unnecessary to consider whether or not the bonds issued under chapter 175, Laws of 1914 (Hemingway's Code, sections 7241 to 7252, inclusive), were void when issued because these bonds were subsequently validated by chapter 30, Laws of 1917, p. 23. *Griffith* v. *Vicksburg,* 102 Miss. 1, 58 So. 781.

The decree of the lower court is affirmed.

*Affirmed.*